USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 94-2235 UNITED STATES, Appellee, v. ROBERT EMMETT JOYCE, Defendant - Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Douglas P. Woodlock, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Stahl, Circuit Judge, _____________ and Dom nguez,* District Judge. ______________ _____________________ Kimberly Homan, by Appointment of the Court, with whom _______________ Sheketoff & Homan, was on brief for appellant. _________________ James B. Farmer, Assistant United States Attorney, with whom _______________ Donald K. Stern, United States Attorney, was on brief for _________________ appellee. ____________________ November 27, 1995  ____________________ * Of the District of Puerto Rico, sitting by designation. ____________________ -2- DOMINGUEZ, District Judge. Defendant Robert Emmett DOMINGUEZ, District Judge. _______________ Joyce ("Joyce") challenges the imposition in his sentence of a three-level upward adjustment, pursuant to U.S.S.G. 3B1.1(b). Joyce seeks to have the adjustment reversed and the matter remanded for resentencing.  We hold that the lower court's imposition of the three- level upward adjustment, based on Joyce's role in the offense, is warranted. Consequently, we affirm.  I. BACKGROUND I. BACKGROUND _____________ On January 9, 1991, Joyce and five co-defendants-- Michael C. Habicht, Michael O. McNaught, James F. Melvin, James M. Murphy, Jr., and Patrick J. Nee--were arrested in Abington, Massachusetts for their alleged involvement in a planned robbery of an armored truck at the Bank of New England Branch. The initial indictment was returned on February 7, 1991.1  Following a twenty-five day trial before Judge Mazzone, Joyce and the five other co-defendants were convicted of conspiracy to rob bank funds, in violation of 18 U.S.C. 371 (Count 10), attempted robbery of bank funds, in violation of 18  ____________________ 1 A third superseding indictment (on which the case was tried) was returned on September 5, 1991. In addition to the Abington offenses, the third superseding indictment charged Joyce and Murphy with offenses arising out of the $880,000 robbery on May 31, 1989, of a Mass. Transport, Inc. armored truck making a delivery to the Shawmut Worcester County Bank in Fitchburg, Massachusetts. Murphy was convicted of conspiracy to rob bank funds, in violation of 18 U.S.C. 371 (Count 3), robbery of bank funds, in violation of 18 U.S.C. 2113(a) (Count 4), and obstruction of commerce by robbery, in violation of the Hobbs Act, 18 U.S.C. 1951 (Count 6). Joyce was found not guilty on these counts. -2- U.S.C. 2113(a) (Count 11), attempted obstruction of commerce by robbery, in violation of the Hobbs Act, 18 U.S.C. 1951 (Count 13), knowingly using or carrying firearms during and in relation to a crime of violence, in violation of 18 U.S.C. 924 (c) (Count 14), and being felons in possession of firearms, in violation of 18 U.S.C. 922 (g) (Count 15). On March 12, 1992, Joyce was sentenced to a total term of incarceration of 270 months.2 All Defendants appealed their convictions and sentences. Subsequently, all Defendants, except Murphy, filed a motion seeking to dismiss the appeal of their conviction on Count 14 (18 U.S.C. 924(c)). We granted that motion. On April 22, 1994, we reversed the convictions of all defendants and remanded the case for a new trial. See United States v. Melvin, 27 F.3d ___ _____________ ______ 703 (1st Cir. 1994). On June 22, 1994, pursuant to the Defendants' request for clarification, we issued an opinion clarifying that our earlier opinion, ordering reversal, did not encompass Count 14.3 See United States v.Melvin, 27 F.3d 710 ___ _____________ ______ (1st Cir. 1994).  ____________________ 2 Joyce was sentenced to terms of 60 months on Count 10, 210 months on Counts 11 and 13, and 120 months on Count 15, all to be served concurrently, based upon a Guideline Offense Level of 33, Criminal History Category III. That Guidelines sentence was followed by a mandatory term of incarceration of 60 months, on Count 14. 3 Count 14 charged Joyce with knowingly using or carrying firearms during and in relation to a crime of violence, in violation of 18 U.S.C. 924 (c). -3- On remand, the case was reassigned to Judge Woodlock.  Joyce and all defendants, except Murphy, entered into plea agreements with the Government. In Joyce's plea agreement, the parties stipulated that, pursuant to U.S.S.G. 2B3.1(a), the Base Offense Level was 20; that Joyce should receive a two-level enhancement pursuant to 2B3.1(a)(1), because the property which was the object of the robbery attempt belonged to a financial institution; and that Joyce should receive a two-level enhancement pursuant to 3C1.1 because Joyce "willfully testified falsely at the first trial of [the] case".  The parties also agreed that the Adjusted Offense Level should be reduced by three levels for acceptance of responsibility pursuant to U.S.S.G. 3E1.1(a) and (b)(2). The agreement further stated that the Government's position at sentencing would be that Joyce should receive a five-level enhancement pursuant to 2B3.1(b)(6)(F) because the intended loss from the Abington robbery attempt exceeded $1,500,000 and a three-level enhancement for his role in the offense pursuant to  3B1.1(b).4 In the agreement, Joyce reserved the right to contest the Government's position on these issues at the sentencing hearings.  ____________________ 4 Under the plea agreement, the Government contended at Sentencing that Joyce's Adjusted Offense Level should be 29, Criminal History Category III, with a guideline sentencing range of 108-135 months, in addition to the 60 month sentence previously imposed by the trial court on Count 14. Both parties agreed that the 60 month sentence previously imposed on Count 14 was to be served consecutively with the newly imposed sentence on Counts 10, 11, 13, and 15. -4- Consistent with the plea agreement, Joyce entered a guilty plea. The sentencing judge held two hearings on the contested guidelines issues of amount of intended loss and Joyce's role in the offense. The court found that a five-level upward adjustment was warranted under 2B3.1 (b)(6)(F) and that a three-level upward adjustment was proper under 3B1.1(b). The resulting calculation led to a total offense level of 29, with a sentencing range of 108-135 months' incarceration. The sentencing judge imposed a sentence of 108 months on Counts 11, 13, and 15, to be served concurrently with a 60 month sentence imposed on Count 10, followed by the consecutive 60 month term p r e v i o u s l y i m p o s e d b y t h e trial court on Count 14.  II. STANDARD OF REVIEW II. STANDARD OF REVIEW ______________________ In reviewing a district court's application of a sentencing guideline, we utilize a bifurcated process. First, we review de novo the guideline's legal meaning and scope. See __ ____ ___ United States v. Fontana, 50 F.3d 86, 87 (1st Cir. 1995). ______________ _______ Second, we review the district court's factfinding for clear error and give due deference to the district court's application of the guidelines to the facts. See United States v. Ovalle- ___ _____________ _______ M rquez, 36 F.3d 212, 221 (1st Cir. 1994), cert. denied, 115 S. _______ _____ ______ Ct. 1322 (1995). The determination of the defendant's role in an offense is fact-specific. See United States v. Graciani, 61 ___ _____________ ________ F.3d 70, 75 (1st Cir. 1995). We are therefore deferential to the sentencing court's views and review the determinations made only -5- for clear error. See United States v. Rostoff, 53 F.3d 398, 413 ___ _____________ _______ (1st Cir. 1995). Any credibility assessment made at sentencing falls within the province of the district court, and it should be respected on appeal unless it is clearly erroneous. See United ___ ______ States v. Webster, 54 F.3d 1, 5 (1st Cir. 1995). If there are ______ _______ two plausible views of the record, the sentencing court's adoption of one of the views will not constitute clear error. See United States v. St. Cyr, 977 F.2d 698, 706 (1st Cir. 1992). ___ ______________ _______ In making a determination on a defendant's role in the offense, the sentencing court may look beyond the count of conviction to the whole of the defendant's pertinent conduct. See United ___ ______ States v. Savoie, 985 F.2d 612, 615 (1st Cir. 1993). ______ ______ Furthermore, the Government need only prove by a preponderance of the evidence that an upward adjustment was warranted. See ___ United States v. Mu oz, 36 F.3d 1229, 1240 (1st Cir. 1994), cert. _____________ _____ _____ denied, 115 S. Ct. 1164 (1995). Additionally, the evidence of a ______ defendant's role in the offense may be circumstantial. See ___ United States v. Tejada-Beltr n, 50 F.3d 105, 113 (1st Cir. ______________ ______________ 1995); United States v. Calder n, 935 F.2d 9, 11 (1st Cir. ______________ ________ 1991).  III. DISCUSSION III. DISCUSSION _______________ Joyce claims that the three-level upward adjustment for his role in the offense was clearly erroneous. He alleges that "the sentencing judge in this case did not find that Joyce exercised the requisite management control over his co- participants. Instead, he (the sentencing judge) indicated that -6- such a finding was unnecessary and that Joyce's exercise of management responsibility 'over the metaphorical assets of the criminal organization,' Tr. 11/3/94 at 6, would suffice to justify the imposition of a 3B1.1(b) role in the offense adjustment." Joyce further contends that the sentencing judge's construction of 3B1.1 was incorrect as a matter of law, that the sentencing judge failed to make findings evidencing Joyce's control over any of his co-participants, and further that such a finding could not be made based upon the evidence before him.  The Government asserts that the record provides ample support for the sentencing judge's findings that Joyce was a "manager." The Government argues that our most recent pronouncements make it clear that a role in the offense sentencing enhancement under 3B1.1. does not necessarily require a finding that the defendant "controlled" one or more other participants in the criminal venture. The Government further argues that the law permits the enhancement when a defendant's organizational claims and activities place him in a position of particular responsibility.  We review this upward adjustment for clear error. See ___ Ovalle-M rquez, supra. Under 3B1.1(b) a three-level upward ______________ _____ adjustment for a defendant s role in the offense is justified when the district court makes both a status determination that the defendant was a manager or supervisor of a criminal activity (but not an "organizer or leader") and a scope determination that the defendant's criminal activity involved five or more -7- participants or was otherwise extensive. See Fontana, 50 F.3d at ___ _______ 87; Ovalle-M rquez, 36 F.3d at 225. We note that Joyce did not ______________ question at the sentencing hearings nor on this appeal that "the criminal activity involved five or more participants, or was otherwise extensive."  The Application Note 4 of 3B1.1 lists the following factors relevant to the determination of a defendant's role in the offense:  the exercise of decision making authority, the nature of the participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others. See Tejada-Beltr n, 50 F.3d at 111; United States v.Olivier- ___ ______________ ______________ ________ D az, 13 F.3d 1, 4 (1st Cir. 1993). While these factors do not ____ have "talismanic significance," they do serve as useful guideposts for determining Joyce's role. See United States v. ___ ______________ Talladino, 38 F.3d 1255, 1260 (1st Cir. 1994). _________ The terms "manager" and "supervisor" are not defined in the guidelines. A court may find a defendant to be a manager or supervisor when he "exercised some degree of control over others involved in the commission of the crime or he [was] responsible for organizing others for the purpose of carrying out the crime." See Ovalle-M rquez, 36 F.3d at 225 (citing United States v. ___ ______________ ______________ Rodr guez Alvarado, 985 F.2d 15, 20 (1st Cir. 1990)(quoting ___________________ -8- United States v. Fuller, 897 F.2d 1217, 1220 (1st Cir. 1990))). _____________ ______ Furthermore, a three-level adjustment under 3B1.1(b) is warranted when a defendant exercised control over, or was responsible for overseeing the actions of, at least one other criminally responsible participant. See United States v. Smith, ___ _____________ _____ 46 F.3d 1223, 1239 (1st Cir. 1995), cert. denied, __ U.S. __, _____ ______ 1995 WL 437194 (October 2, 1995); Mu oz, 36 F.3d at 1240. This _____ control need not have been direct. See Savoie, 985 F.2d at 616. ___ ______ By preponderance of the evidence standard the totality of the record unveils defendant's control over others in the commission of the crime and supports the sentencing court's findings that Joyce was a "manager"5 within the meaning of 3B1.1(b)6. We explain. There is no doubt that Joyce exercised managerial responsibilities "over the metaphorical assets of the criminal organization". Joyce badgered David J. Ryan, a paid confidential government informant, to obtain armored truck route sheets, guard uniforms, and ninja face masks. Joyce further planned the crime to need at least three stolen vehicles, one of them a van with a  ____________________ 5 In the instant case there is sufficient evidence on the record to support the sentencing court's specific findings regarding appellant's involvement in the crime and to warrant the imposition of a three-level upward enhancement. This stands in sharp contrast with the situation in United States v. Catano, 65 _____________ ______ F.3d 219, 229-31 (1st Cir. 1995) (case remanded for additional findings where sentencing court's summary findings that defendant was a manager was insufficiently specific to allow for adequate review).  6 See United States v. Piedrahita Santiago, 931 F.2d 127, 132 ___ _____________ ___________________ (1st Cir. 1991). -9- sliding door (all to be "torched" at the end of the robbery) and a group of at least five experienced, reliable robbers in addition to himself using automatic weapons, including specifically among them, "Uzi submachine guns". Each of these planning criteria, as stressed in appellee's brief, actually occurred.7 Joyce also scouted and discussed with Ryan possible locations for the truck robberies and explained to Ryan how he would recruit and arrange for the participation of others.8 Joyce was the mastermind of the operational plan of the robbery, and repeatedly executed careful planning of the same.9 There is further evidence on the record authorizing the sentencing judge to conclude that Joyce "exercised some degree of control over others involved in the commission of the crime, or that he was responsible for organizing others for the purpose of the crime" See Ovalle-M rquez, 35 F.3d 225 (citing United States ___ ______________ ______ _____________ v. Rodr guez Alvarado, 985 F.2d 15, 20 (1st Cir. 1990)(citing __________________ ______ United States v. Fuller, 897 F.2d 1217, 1220 (1st Cir. 1990).  _____________ ______ On April 4, 1990, eight months prior to the armored truck robbery, Joyce bragged to Ryan about the fact that he had available "two clean guys", "stand up guys" from Ireland with whom he had previously worked in armored truck robberies. On January 9, 1991, the date of the frustrated heist, Irish-born co- defendants, Patrick Nee and McNaught, were arrested. It is not  ____________________ 7 See appellee's brief at p. 32. 8 See appellee's brief at p. 35, n.45. 9 See appellee's brief at p. 36, n.46. -10- clearly erroneous to conclude10, based on Joyce's prior statements of knowing two Irish co-conspirators, that he in fact recruited both Nee and McNaught. The recruitment of a co- conspirator constitutes a "managerial" function under 3B1.1(b) of the Guidelines. See United States v. Fontana, 50 F.3d 86, 87 ___ _____________ _______ (1st Cir. 1995); United States v. Rodr guez Alvarado, 985 F.2d _____________ __________________ 15, 20 (1st Cir. 1993).11 Further evidence attesting Joyce's managerial role can be found when Joyce, on the eve of the armored truck robbery, explained the plan to McNaught in detail, including his alleged role in the robbery.12 Further attesting to his managerial status, Joyce withheld from Ryan the identities of his other conspirators and withheld from the other conspirators the existence of Ryan. This is a case wherein "the whole is greater than the sum of its individual parts".13 Since we must examine "the  ____________________ 10 Evidence relating to role in the offense may be inferred and/or circumstantial. See Tejada-Beltr n at 113; United States ___ ______________ _____________ v. Savoie 985 F.2d at 616; United States v. Calder n 935 F.2d at ______ _____________ ________ 11. 11 McNaught provided evidence to the contrary on his recruitment and that of Nee, which the sentencing court was free to reject because Mc Naught's testimony was found perjurious by the trial court. Further, no clear error exists when the court adopts one of two plausible views. See United States v. St. Cyr, 977 F.2d ___ ______________ _______ at 706. 12 See appellee's brief p. 37. 13 See El D a Inc. v. Hern ndez Col n, 963 F.2d 488, 498 (1st ___ ___________ _______________ Cir. 1992)(Selya, J.). -11- whole of defendants relevant conduct",14 taking all facts into consideration the determination of the sentencing court that Joyce was a "manager" was not clearly erroneous.  IV. CONCLUSION IV. CONCLUSION ______________ For the above-stated reasons, we affirm the district court's sentence.  Affirmed.  ________  ____________________ 14 See Savoie, 985 F.2d at 616. ___ ______ -12-