81 F.3d 147
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES, Appellee,
v.
John W. SHARP, III, Defendant, Appellant.
 No. 95-2040.
 United States Court of Appeals, First Circuit.
 April 4, 1996.
 
 Philip R. Desfosses, Solomon & Desfosses, P.A. and Richard N. Foley on brief for appellant.
 Deval L. Patrick, Assistant Attorney General, Dennis J. Dimsey and Lisa J. Stark, Attorneys, U.S. Department of Justice, on brief for appellee.
 Before TORRUELLA, Chief Judge, STAHL and LYNCH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant-appellant, John W. Sharp, III, challenges the district court's imposition of a two-level upward adjustment to his sentence for violating 18 U.S.C. § 1503 (attempted obstruction of justice) and 42 U.S.C. § 3631(a) (interference by force and threat of force with housing rights). The adjustments were pursuant to U.S.S.G. § 3B1.1(c) for the defendant's leadership role. After careful review of the parties' briefs and the record, we find no reason to disturb the sentence imposed by the district court.
 
 
 2
 "Absent a mistake of law, the district court's determination of a defendant's role may be set aside only for clear error." United States v. Luciano-Mosquera, 63 F.3d 1142, 1157 (1st Cir.1995). The determination is fact-specific and may be based on circumstantial evidence and on a view of the whole of the defendant's pertinent conduct. United States v. Joyce, 70 F.3d 679, 682 (1st Cir.1995).
 
 
 3
 The facts showed that the defendant was one of the primary actors in the conceiving and carrying out of the cross-burning, including the transport of other participants in his vehicle and setting fire to the cross. These facts and other record evidence support the district court's finding that the defendant "participated in the initial idea with regard to the cross-burning offense, that he participated in the planning and preparation for the commission of the offense, that he in fact actually lit the cross on fire," and, thus, played a leadership role in the commission of the offense. See Joyce, 70 F.3d at 682 (evidence of role in offense may be circumstantial).
 
 
 4
 We need not consider the defendant's additional claim that the leadership-role adjustment to the sentence for violation of 18 U.S.C. § 1503 was erroneous. Any error with respect to this sentence would not have altered the defendant's combined adjusted offense level of fourteen or affected the sentencing range. "[W]hen correction of a finding would not change the applicable offense level or affect the sentencing range, any error therein would necessarily be harmless." United States v. Bradley, 917 F.2d 601, 604 (1st Cir.1990).
 
 
 5
 Affirmed. Loc. R. 27.1.