USCA1 Opinion

 

 April 4, 1996 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 95-2040 UNITED STATES, Appellee, v. JOHN W. SHARP, III, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE [Hon. Steven J. McAuliffe, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Stahl and Lynch, Circuit Judges. ______________ ____________________ Philip R. Desfosses, Solomon & Desfosses, P.A. and Richard N. _____________________ ___________________________ __________ Foley on brief for appellant. _____ Deval L. Patrick, Assistant Attorney General, Dennis J. Dimsey _________________ _________________ and Lisa J. Stark, Attorneys, U.S. Department of Justice, on brief for _____________ appellee. ____________________ ____________________ Per Curiam. Defendant-appellant, John W. Sharp, ___________ III, challenges the district court's imposition of a two- level upward adjustment to his sentence for violating 18 U.S.C. 1503 (attempted obstruction of justice) and 42 U.S.C. 3631(a) (interference by force and threat of force with housing rights). The adjustments were pursuant to U.S.S.G. 3B1.1(c) for the defendant's leadership role. After careful review of the parties' briefs and the record, we find no reason to disturb the sentence imposed by the district court. "Absent a mistake of law, the district court's determination of a defendant's role may be set aside only for clear error." United States v. Luciano-Mosquera, 63 F.3d _____________ ________________ 1142, 1157 (1st Cir. 1995). The determination is fact- specific and may be based on circumstantial evidence and on a view of the whole of the defendant's pertinent conduct. United States v. Joyce, 70 F.3d 679, 682 (1st Cir. 1995). _____________ _____ The facts showed that the defendant was one of the primary actors in the conceiving and carrying out of the cross-burning, including the transport of other participants in his vehicle and setting fire to the cross. These facts and other record evidence support the district court's finding that the defendant "participated in the initial idea with regard to the cross-burning offense, that he participated in the planning and preparation for the commission of the offense, that he in fact actually lit the -3- cross on fire," and, thus, played a leadership role in the commission of the offense. See Joyce, 70 F.3d at 682 ___ _____ (evidence of role in offense may be circumstantial). We need not consider the defendant's additional claim that the leadership-role adjustment to the sentence for violation of 18 U.S.C. 1503 was erroneous. Any error with respect to this sentence would not have altered the defendant's combined adjusted offense level of fourteen or affected the sentencing range. "[W]hen correction of a finding would not change the applicable offense level or affect the sentencing range, any error therein would necessarily be harmless." United States v. Bradley, 917 F.2d _____________ _______ 601, 604 (1st Cir. 1990). Affirmed. Loc. R. 27.1. ________ -4-