**[NOT FOR PUBLICATION]**

# UNITED STATES COURT OF APPEALS
## FOR THE FIRST CIRCUIT

No. 98-1547

UNITED STATES OF AMERICA,

Appellee,

v.

FERNANDO VAZQUEZ-ORTIZ,
a/k/a PAPO,

Defendant, Appellant.

———————————

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Juan M. Perez-Gimenez, U.S. District Judge]

———————————

Before

Selya, Circuit Judge,

Cyr, Senior Circuit Judge,

and Lipez, Circuit Judge.

———————————

Edward E. Parson on brief for appellant.
Guillermo Gil, United States Attorney, Jorge E. Vega-Pacheco, Assistant United States Attorney, and Camille Vélez-Rivé, Assistant United States Attorney, on brief for appellee.

August 24, 1999

**Per Curiam**.  Fernando Vazquez-Ortiz challenges the 97-month sentence imposed upon him for conspiring to launder monetary instruments.  We affirm the district court judgment.

First, Vazquez claims, the district court erred by placing him in criminal history category III, see U.S.S.G. § 4A1.1, given that the Arecibo Superior Court subsequently vacated an earlier conviction for aggravated larceny.  On the other hand, the government counters with a more recent document from the same superior court which conclusively refutes any such vacatur.

Second, Vazquez contends that the government breached a provision in the plea agreement — that the base offense level was to be 23 and that "there would not be any further adjustment" — by remaining silent as the district court imposed a three-level enhancement, on its own motion, based on the supervisory role Vazquez played in the offense of conviction.  See U.S.S.G. § 3B1.1.  Once again we disagree, since the district court carefully explained to Vazquez, during the plea colloquy, that it was not bound by the sentencing recommendation made by the government.  See United States v. Grimm, 170 F.3d 760, 768 (1st Cir. 1999).  Moreover, the government neither agreed to recommend that the court impose no upward adjustments, cf. United States v. Velez-Carrero, 77 F.3d 11 (1st Cir. 1996), nor to oppose whatever upward adjustments the probation office might recommend or the district court might opt to impose, cf. United States v. Clark, 55 F.3d 9 (1st Cir.

3

1995).

Finally, Vazquez argues that the district court erred in basing its § 3B1.1 enhancement exclusively on the conclusory description of his involvement in the charged offense set forth in the presentence report, and by refusing to conduct an evidentiary hearing. First, the presentence report contained reliable evidence of the supervisory role played by Vazquez. See United States v. Gonzalez-Vazquez, 34 F.3d 19, 25 (1st Cir. 1994) ("Facts contained in a presentence report ordinarily are considered reliable evidence for sentencing purposes."). It indicated that Vazquez produced and distributed flyers which he and his codefendants utilized to gain access to mailboxes for the purpose of stealing U.S. Treasury checks. Vazquez used his own vehicle to transport codefendants to these sites, to obtain false identification cards, and to cash the stolen checks. See United States v. Joyce, 70 F.3d 679, 683 (1st Cir. 1995) (noting that § 3B1.1 enhancement may apply where defendant was "responsible for organizing others for the purpose of carrying out the crime"). At the Rule 11 hearing, Vazquez, through counsel, not only accepted the government's description of the evidence, but "made no proffer regarding any [other] possible, let alone relevant or material, evidence that would be brought forward at an evidentiary hearing." United States v. Grant, 114 F.3d 323, 327 (1st Cir. 1997).

Accordingly, the factual determinations made by the district

court were not clearly erroneous.  United States v. Ticchiarelli, 171

F.3d 24, 28 (1st Cir. 1999).

**Affirmed**.