[NOT FOR PUBLICATION]

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT
 

No. 96-1449

 UNITED STATES,

 Appellee,

 v.

 JOSE GUZMAN,

 Defendant, Appellant.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

 [Hon. Mark L. Wolf, U.S. District Judge] 

 

 Before

 Selya, Circuit Judge, 
 Cyr, Senior Circuit Judge, 
 Boudin, Circuit Judge. 

 

Jose Guzman on brief pro se. 
Donald K. Stern, United States Attorney, William F. Sinnott, 
Assistant United States Attorney, and Carolyn Crotty Guttilla, Suffolk 
University Law School, on brief for appellee.

 

 December 16, 1997
 

 Per Curiam. In this appeal from his sentence, Jose 

Guzman raises three issues which he concedes were not raised

in the district court. Accordingly, "his sentence can be

reversed on [these grounds] only upon a showing of 'plain

error.'" United States v. Olivier-Diaz, 13 F.3d 1, 5 (1st 

Cir. 1993). After careful review of the record, we conclude

that appellant has failed to make such a showing with respect

to any of the issues he raises on appeal. 

 The district court adopted the undisputed facts

contained in the PSR, as permitted by Fed.R.Crim.P. 32. See 

United States v. Van, 87 F.3d 1, 3 (1st Cir. 1996). It was 

not "plain error" for the district court to find that those

facts supported a finding that the substance distributed by

appellant was "cocaine base" as that term is defined by the

Sentencing Guidelines for the purposes of sentence

enhancement. See U.S.S.G. 2D1.1(c) and note (D). 

 Nor does appellant's new sentencing factor manipulation

claim provide a basis for reversing his sentence.

"[S]entencing factor manipulation is a claim only for the

extreme and unusual case." United States v. Montoya, 62 F.3d 

1, 4 (1st Cir. 1995). As we reasoned in a recent case in

which a similar claim was made, "[g]overnment agents are not

limited to replicating a suspect's largest unsolicited crime.

In this case, the full contours of the criminal operation --

its size, techniques, personnel -- were, like an iceberg,

 -2-

largely submerged; and the means of exploration were

additional and larger transactions. . . . While the sting

could not be endlessly prolonged and enlarged, nothing in the

objective facts suggests 'misconduct' at all, let alone

'extraordinary' misconduct.'" United States v. Egemonye, 62 

F.3d 425 (1st Cir. 1995).

 Appellant's final argument is based upon his mistaken

impression that the district court did not apply a three-

level reduction in his base offense level for acceptance of

responsibility, pursuant to the United States Sentencing

Guidelines, 3E1.1. Our careful review of the record reveals

that the district court adopted the guideline application

contained in the presentence report, including a three-level

reduction for acceptance of responsibility. Therefore,

appellant's final claim is entirely without merit.

 Appellant's sentence is affirmed. 

 -3-