USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 96-1449 UNITED STATES, Appellee, v. JOSE GUZMAN, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Mark L. Wolf, U.S. District Judge] ___________________ ____________________ Before Selya, Circuit Judge, _____________ Cyr, Senior Circuit Judge, ____________________ Boudin, Circuit Judge. _____________ ____________________ Jose Guzman on brief pro se. ___________ Donald K. Stern, United States Attorney, William F. Sinnott, ________________ ___________________ Assistant United States Attorney, and Carolyn Crotty Guttilla, Suffolk _______________________ University Law School, on brief for appellee. ____________________ December 16, 1997 ____________________ Per Curiam. In this appeal from his sentence, Jose ___________ Guzman raises three issues which he concedes were not raised in the district court. Accordingly, "his sentence can be reversed on [these grounds] only upon a showing of 'plain error.'" United States v. Olivier-Diaz, 13 F.3d 1, 5 (1st ______________ ____________ Cir. 1993). After careful review of the record, we conclude that appellant has failed to make such a showing with respect to any of the issues he raises on appeal.  The district court adopted the undisputed facts contained in the PSR, as permitted by Fed.R.Crim.P. 32. See ___ United States v. Van, 87 F.3d 1, 3 (1st Cir. 1996). It was _____________ ___ not "plain error" for the district court to find that those facts supported a finding that the substance distributed by appellant was "cocaine base" as that term is defined by the Sentencing Guidelines for the purposes of sentence enhancement. See U.S.S.G. 2D1.1(c) and note (D). ___ Nor does appellant's new sentencing factor manipulation claim provide a basis for reversing his sentence. "[S]entencing factor manipulation is a claim only for the extreme and unusual case." United States v. Montoya, 62 F.3d ______________ _______ 1, 4 (1st Cir. 1995). As we reasoned in a recent case in which a similar claim was made, "[g]overnment agents are not limited to replicating a suspect's largest unsolicited crime. In this case, the full contours of the criminal operation -- its size, techniques, personnel -- were, like an iceberg, -2- largely submerged; and the means of exploration were additional and larger transactions. . . . While the sting could not be endlessly prolonged and enlarged, nothing in the objective facts suggests 'misconduct' at all, let alone 'extraordinary' misconduct.'" United States v. Egemonye, 62 _____________ ________ F.3d 425 (1st Cir. 1995). Appellant's final argument is based upon his mistaken impression that the district court did not apply a three- level reduction in his base offense level for acceptance of responsibility, pursuant to the United States Sentencing Guidelines, 3E1.1. Our careful review of the record reveals that the district court adopted the guideline application contained in the presentence report, including a three-level reduction for acceptance of responsibility. Therefore, appellant's final claim is entirely without merit. Appellant's sentence is affirmed. ________ -3-