USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 97-1685 UNITED STATES, Appellee, v. DAVID GELL, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. D. Brock Hornby, U.S. District Judge] ___________________ ____________________ Before Boudin, Stahl and Lynch, Circuit Judges. ______________ ____________________ Thomas V. Laprade and Lambert, Coffin, Rudman & Hochman on brief _________________ _________________________________ for appellant. Jay P. McCloskey, United States Attorney, Margaret D. McGaughey, ________________ _____________________ and Helene Kazanjian Assistant United States Attorneys, on brief for appellee. ____________________ February 4, 1998 ____________________ Per Curiam. We have thoroughly reviewed the record __________ on appeal and the submissions of the parties, and we affirm. Since the government's witness at sentencing testified that he had purchased at least five kilograms of cocaine from the appellant during 1995 alone, and that appellant had sold cocaine to the witness on several other occasions, there was no clear error in the sentencing court's conclusion that appellant was responsible for the distribution of at least five kilograms. United States v. Lindia, 82 F.3d 1154, 1159 ________________________ (1st Cir. 1996) (sentencing court must make credibility determinations, and reviewing court will only set those aside for clear error). It is apparent from the sentencing transcript and from the sentencing court's written statement of reasons that the court relied on that evidence. United ______ States v. Van, 87 F.3d 1 (1st Cir. 1996). Thus, the court _____________ properly adopted a base offense level of 32, pursuant to U.S.S.G. 2D1.1(c)(4). Affirmed. Loc. R. 27.1. _________ -2-