USCA1 Opinion

 

 United States Court of Appeals For the First Circuit
No. 98-1637 COMPUTERVISION CORPORATION AND SUBSIDIARIES, Petitioners-Appellees, v. COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellant. APPEAL FROM THE UNITED STATES TAX COURT [Hon. Thomas B. Wells, U.S. Tax Court Judge] Before Boudin, Circuit Judge,
Gibson, Senior Circuit Judge,
and Lipez, Circuit Judge. David English Carmack, Attorney, Tax Division, Department of
Justice, with whom Loretta C. Argrett, Assistant Attorney General,
and Pamela C. Berry, Attorney, Tax Division, Department of Justice,
were on brief for respondent-appellant. John S. Brown with whom George P. Mair, Donald-Bruce Abrams,
Matthew D. Schnall and Bingham Dana LLP were on brief for
petitioners-appellees.
January 7, 1999 BOUDIN, Circuit Judge. Computervision Corporation
("Computervision") is a domestic corporation that designs,
manufactures and sells computer-aided design and computer-aided
manufacturing products. During the period at issue in this case,
Computervision owned Computervision International Corporation
("Computervision International"), which was a sales agent for
Computervision and qualified as a domestic international sales
corporation ("DISC") under the Internal Revenue Code. For the
years 1983 and 1984, the Code provided special tax benefits for
DISCs. 26 U.S.C. 991-997. In November 1993, Computervision petitioned the Tax Court
to review deficiencies found by the Commissioner of Internal
Revenue for tax years 1983, 1984, 1987 and 1988. SeeComputervision Int'l Corp. v. Commissioner, 71 T.C.M. (CCH) 2450
(1996). The deficiencies rested upon several different
determinations. The one that is relevant to this appeal concerned
the proper calculation of combined taxable income for the purpose
of calculating the commissions payable to Computervision
International. In their returns for 1983 and 1984, Computervision and
Computervision International had computed the commission payable to
Computervision International by using the "50 percent of the
combined taxable income" method provided by 26 U.S.C. 994(a)(2),
(b). In the Tax Court, the dispute pertinent here turned on
whether in computing this income, interest expenses were allocated
ratably to all income or instead allocated first to offset interest
income with only the "net" remaining amount allocated to other
income producing activities (including DISC income). The taxpayers
in this case urged the "net" solution, which would make more of the
income DISC income qualifying for tax benefits. The issue turns primarily on the interpretation of a
Treasury regulation that addressed the allocation of interest
income. In the event, the Tax Court followed its own precedent,
Bowater, Inc. v. Commissioner, 101 T.C. 207 (1993), to find that
Computervision and Computervision International should have been
allowed to use the net method. See Computervision International
Corp., 71 T.C.M. (CCH) at 2465. After a recomputation of the
deficiencies favorably to the taxpayers on the netting issue, the
Tax Court entered its judgment. After the Tax Court decision, Bowater was reversed by the
Second Circuit, Bowater, Inc. v. Commissioner, 108 F.3d 12 (2d
Cir.), cert. denied, 118 S. Ct. 689 (1997), and the Commissioner
filed a notice of appeal in the Computervision case. Computervision notified the Commissioner by letter in July 1998,
that it intended to concede the interest-netting issue, and then
moved to dismiss the appeal as moot. The motion was denied, but
Computervision continues to claim that the case is moot and
declines to defend the Tax Court on the netting issue. Computervision is simply wrong in asserting that "the
case" has become moot simply because the taxpayers concede error by
the Tax Court. At the present time, there is an outstanding
judgment of the Tax Court resolving the legal issue in favor of
Computervision and determining that it may pay less tax than the
IRS claims to be due. Unless and until the parties settle the
case--which they have not done for reasons explained below--there
is an actual controversy between them that entitles the Commission
to seek review on the netting issue, and thereby remove the barrier
to its tax claims posed by the Tax Court judgment. A quite different problem is posed by Computervision's
refusal to defend the Tax Court and its agreement with the
Commissioner on the netting issue. Because this problem of
agreement by adversaries on legal issues recurs in different
contexts, we address it by an opinion rather than by unpublished
order. Perhaps the most common example is for the parties in a
contract dispute to agree that the law of one state, rather than
another, governs the contract. In such cases, courts often accept
this view, if arguable, without making an independent judgment. See Merchants Ins. Co. of N.H., Inc. v. United States Fidelity and
Guar. Co., 143 F.3d 5, 8 (1st Cir. 1998). But courts are not obliged to accept legal propositions,
even where the parties are agreed, merely because there is no
adversary dispute or presentation on the particular issue. On the
contrary, courts sometimes do decide cases on legal issues that
were not even recognized by the parties, let alone contested. Cf.Rivera-Ramos v. Roman, 156 F.3d 276 (1st Cir. 1998). Or, as
sometimes happens on mandamus or in default situations, only one
side chooses to appear but difficult legal issues still have to be
resolved to decide to give judgment. If we thought it plain that
the Tax Court was right on the netting issue, we would not be
obliged to overturn the Tax Court's judgment based on the
taxpayers' concession. The choice is a prudential one. On many issues,
adversary views are helpful (although here we could simply consult
the Tax Court opinion for the opposing view). Further, it consumes
judicial time to resolve legal issues, and an argument exists for
deferring decision until necessary. On the other side, sometimes
a recurring issue ought to be decided quickly to give guidance to
the district courts. Or, it might be unseemly in some instances to
"accept" even arguendo a mistaken legal proposition and reason from
it to decide the case. In all events, weighing the prudential concerns, we are
content here to accept the taxpayers' concession on the netting
issue without independently deciding the matter. The Tax Court is
not plainly right, the issue is highly technical, and there is no
indication that litigation about it occurs often. This does not,
however, point to a dismissal on mootness grounds but rather to an
order vacating the Tax Court judgment and remanding for further
proceedings on the now binding premise that the taxpayers are not
entitled to use the netting method in calculating their taxes for
the years at issue. On remand, the parties may be able to agree on
the tax consequences; if not, they can be litigated in the Tax
Court. Computervision has contended, as an alternative to
dismissal of the appeal on mootness grounds, that the case should
be held in abeyance in this court and the Commission should be
required within 30 days to submit to the court the IRS's
recalculation. Computervision contends that based on a proper
recalculation, the taxpayers will still owe no more than the Tax
Court determined because loss carrybacks will offset any additional
income that results from abandoning of the netting method. If both
sides agreed now that this was so, quite possibly the present
appeal would indeed be moot. However, the Commission says that its own calculations as
to the carrybacks have not yet been made, and we see no reason why
this court should be setting time limits or administering the
resolution of possible tax issues that have not yet been decided. And, needless to say, the mere possibility that no increase in
taxes may result does not moot the case in its current posture. Cases are often remanded for further proceedings due to a mistake
in the decision below even though the result may be, often is quite
likely to be, the same after those proceedings are conducted. Cf.United States v. Van, 87 F.3d 1, 4 (1st Cir. 1996). Accordingly, the judgment of the Tax Court is vacated and
the matter is remanded for recalculation of the deficiencies on the
premise that the taxpayers are not entitled to use the netting
method for the years in issue. If the parties do settle the case
by agreement, the Clerk of the Tax Court should be promptly
notified. It is so ordered.