[NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]

 United States Court of Appeals
 For the First Circuit

No. 97-1990

 UNITED STATES OF AMERICA,

 Appellee,

 v.

 JAIRO NAGUPE-PALACIO,

 Appellant.

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF PUERTO RICO

 [Hon. Jose Antonio Fuste, U.S. District Judge]

 Before

 Selya, Circuit Judge,
 Campbell, Senior Circuit Judge,
 and Lynch, Circuit Judge.

 Jorge L. Arroyo-Alejandro on brief for appellant.
 Guillermo Gil, United States Attorney, Warren Vazquez and
Nelson J. Perez-Sosa, Assistant United States Attorneys, on brief
for appellee.

June 11, 1998

 Per Curiam. Jairo Nagupe-Palacio appeals from his
sentence imposed following his guilty plea to conspiring to
import more than 1,000 kilograms of marihuana into the United
States from Colombia. Appellant challenges the district
court's two-level increase in his base offense level pursuant
to U.S.S.G. 2D1.1(b)(2)(B). Specifically, appellant argues
that the record does not contain sufficient support for the
district court's finding that he acted as "captain" of the boat
used to import the marihuana.
 This court "review[s] the sentencing court's . . .
factual conclusions, which must be supported by a preponderance
of the evidence, for clear error." United States v. Grant, 114
F.3d 323, 328 (1st Cir. 1997). "Fed.R.Crim.P. 32 allows the
[sentencing] court to adopt the facts set forth in the
presentence report '[e]xcept for any unresolved objection'
noted in the addendum submitted by the probation officer as
required by the rule." United States v. Van, 87 F.3d 1, 3 (1st
Cir. 1996). Appellant concedes that he failed to object to the
PSR's description of the offense conduct, including its
characterization of him as "captain" of the vessel. 
 As the district court adopted the factual findings of
the PSR, this court reviews the district court's findings in
light of the facts contained in the PSR. See Grant, 114 F.3d
at 328. According to the PSR, Nagupe stated in an interview
with a probation officer that he had agreed to captain the boat
because he was unemployed and needed the money. He admitted
that he had captained the boat and that the other crew members
had assisted him. This information in the PSR, to which no
objection was made, was sufficient to support the sentencing
court's finding that appellant acted as the captain of the
boat.
 Appellant's argument that the record lacked
sufficient information about the types of skills required to
captain the particular vessel, is misplaced. See United Statesv. Guerrero, 114 F.3d 332, 346 (1st Cir. 1997) (rejecting
defendant's argument that he was not a "pilot" under 
2D1.1(b)(2)(B) because he lacked special navigational skills). 
An increase is warranted under 2D1.1(b)(2)(B) upon a finding
that the defendant "acted as . . . a captain . . . aboard any
. . . vessel carrying a controlled substance." No specific
finding that special skills were needed or employed is
required. Compare U.S.S.G. 3B1.3 (providing for role-in-the-
offense adjustment where defendant "used a special skill").
 Appellant's sentence is affirmed. See Loc. R. 27.1.