LIPEZ, Circuit Judge.
This case presents an issue of first impression, requiring us to decide the applicability of the Supreme Court’s decision in Rosemond v. United States, — U.S. —, 134 S.Ct. 1240, 188 L.Ed.2d 248 (2014), to appellant’s claim that the government has to prove beyond a reasonable doubt that an aider and abettor to a production of child pornography charge knew that the victim was a minor.
I.
Roberto Enearnación-Ruiz (“Encarna-ción”) was charged with one count of aiding and abetting the production of child pornography in connection with a pornographic film that he made in 2010 with Rey Vilanova-Delgado (“Vilanova”) and KMV, a 14-year-old girl. In the district court, Encarnación argued that he was mistaken as to KMV’s age, and his mistake of age should be a defense to the child pornography charge. The government moved in limine to preclude Encarnación from arguing that he “lacked knowledge of, or [was] mistaken about, the age of the minor victim.” The district court granted the motion in limine. Encarnación subsequently entered a conditional guilty plea. In entering this plea, he reserved his right to appeal “whether the defendant’s mistake of age of the victim can be raised as a defense to a charge of production of child *584 pornography under [18 U.S.C. § ] 2251(a).”
After this case was argued before us, the Supreme Court issued its opinion in Rosemond, which clarified the mens rea requirement for aiding and abetting a crime. The Court held that the government must prove that an aider and abettor of criminal conduct participated with advance knowledge of the elements that constitute the charged offense. 134 S.Ct. at 1248-49. We requested supplemental briefing from the parties to address whether Rosemond “requires the government in a prosecution for aiding and abetting a violation of 18 U.S.C. § 2251(a) to prove the aider and abettor’s knowledge of the element that the victim is a minor.” Encarnación contends that Rosemond supports his argument that, to aid and abet the production of child pornography, he must have had advance knowledge that the victim was a minor. The government counters that there is no knowledge requirement for principals of a § 2251(a) offense,[1] and, hence, Rosemond does not create such a requirement for aiders and abettors.
After review, we agree with Encarnación that Rosemond requires the government in a prosecution for aiding and abetting a violation of 18 U.S.C. § 2251(a) to prove the aider and abettor’s knowledge that the victim was a minor. Therefore, we vacate Enearnación’s conviction and remand the case to the district court for further proceedings.
II.
Encarnación met KMV at a beach near San Juan, Puerto Rico, when she was in the company of Vilanova. Vilanova in turn knew KMV through one of her family friends, Félix Iván Rodríguez-Acevedo. Because KMV lacked Internet access at home, she would occasionally visit Vilano-va’s apartment to use his computer and Internet connection. At some point during KMV’s visits, Vilanova and Rodríguez-Acevedo began to engage in sexual acts with her. Other men, including Encarna-ción, came to the apartment when she was there and also engaged in sexual acts with her.[2]
Encarnación and Vilanova were recorded engaging in sexual acts with KMV in a video made in April or May 2010. KMV was 14 years old at the time. Police discovered the recording about a year later, after Vilanova’s neighbors became aware of his sexual relationship with KMV and attacked him with a baseball bat. This incident sent Vilanova to the hospital and the police to his door.
Encarnación was charged, in count three of a superseding indictment, with aiding and abetting Vilanova to use KMV, a minor, in the production of child pornography, in violation of 18 U.S.C. § 2251(a) and 18 U.S.C. § 2.[3] Section 2, the aiding and *585 abetting statute, provides that a defendant “is punishable as a principal” if he “aids, abets, counsels, commands, induces or procures” the commission of a federal crime. After the district court rejected Encarnación’s mistake of age defense, he entered a conditional guilty plea and was sentenced to a mandatory minimum of 15 years in prison.[4]
III.
A. Waiver and Forfeiture
The argument that Encarnación has raised on appeal — that the government must prove that an aider and abettor of the production of child pornography under 18 U.S.C. § 2251(a) knew that the victim was a minor — was not the exact argument that he presented in the district court. This fact raises two preliminary issues: (1) whether Encarnación’s argument is waived because it exceeds the scope of the issue preserved in his plea agreement, or (2) whether the argument is forfeited, and, therefore, we should review it under the plain error standard. The dissent adds that Encarnación waived his Rosemond argument because he only addressed it in a cursory fashion on appeal. We address the waiver and forfeiture issues in turn.
1. Waiver
a. Plea Agreement
Encarnación’s plea agreement contained a conditional waiver provision where he agreed to “waive[] and permanently surrender[ ] his right to appeal the judgment and sentence in this case” but preserved the right to appeal “the unresolved legal issue in the First Circuit of whether the defendant’s mistake of age of the victim can be raised as a defense to a charge of production of child pornography under [18 U.S.C. § ] 2251(a).” Plea Agreement at 10. When determining whether an appeal falls within a waiver’s scope, “we rely on basic contract interpretation principles, construing the agreement where possible to give effect to every term and phrase, and construing any ambiguities in favor of allowing the appeal to proceed.” United States v. Santiago-Burgos, 750 F.3d 19, 23 (1st Cir.2014) (internal citation omitted).
Encarnación’s appellate argument fits within the question he preserved in the plea agreement. He contends that he was mistaken as to KMV’s age and, because he was charged as an aider and abettor, his lack of knowledge that the victim was a minor is a defense to a § 2251(a) charge. Put differently, the argument that the prosecution cannot establish the mens rea element of aiding and abetting because it cannot prove beyond a reasonable doubt that a defendant knew that the victim was a minor is a “defense” to a § 2251(a) charge. See 1 Wayne LaFave, Substantive Criminal Law § 5.6(a) (2d ed.2014) (hereinafter LaFave) (“[Ijgnorance or mistake of fact ... is a defense when it negates] the existence of a mental state essential to the crime charged.”). A defendant who successfully raises such a defense would be acquitted by a jury because the government had failed to prove his knowledge of the age of the victim beyond a reasonable doubt. See Dixon v. United States, 548 U.S. 1, 23, 126 S.Ct. 2437, 165 L.Ed.2d 299 (2006) (noting that a defendant’s mens rea “is always for the prosecution to prove beyond a reasonable doubt”). Moreover, in this case, the government *586 itself is not arguing waiver, but instead does “not object that the issue as raised was not the precise issue preserved by the conditional plea.” For these reasons, we find that Encarnación’s argument is not waived.
b. “Conclusory” argument
The dissent suggests that Encarna-ción waived his appellate argument for another reason. Specifically, the dissent claims that Encarnación waived the argument that “Rosemond requires the government to prove an aider an abettor’s knowledge of age as an element of the crime” because .“he gave us nothing more than conclusory statements” on appeal.
We have repeatedly stated that “we deem waived claims not made or claims adverted to in a cursory fashion, unaccompanied by developed argument.” Rodriguez v. Municipality of San Juan, 659 F.3d 168, 175 (1st Cir.2011). “We require parties to ‘spell out their issues clearly, highlighting the relevant facts and analyzing on-point authority.’ ” United States v. Gray, 780 F.3d 458, 464 (1st Cir.2015) (quoting Rodriguez, 659 F.3d at 175).
Here, Encarnación’s supplemental brief argued that “a person becomes an aider and abettor if and only if the person ‘actively participates in a criminal venture with full knowledge of the circumstances constituting the charged offense,’ and the age of the victim is one of the circumstances that constitutes the charged offense.” Appellant’s Supp. Br. at 10-11 (quoting Rosemond, 134 S.Ct. at 1248-49). Encarnación also identified four other passages in Rosemond to support his on-point argument. Therefore, we find the argument has been sufficiently developed and is not waived. See Gray, 780 F.3d at 464 (finding that argument not waived where defendant cited only one case but “offered a short but on-point argument”).
2. Forfeiture
Although Encarnación’s appellate argument is not waived because it fits within the broad legal question he preserved in the plea agreement, and the government does not argue to the contrary, we also address whether his argument is forfeited because he did not raise it in the district court. These two issues, though related, are distinct. The first asks whether Encarnación’s argument falls within the scope of the conditional waiver provision in his plea agreement. The second asks whether Encamación raised the argument in front of the district court judge.
 When a party fails to raise an argument in the district court, we generally review the claim under, the plain error standard of review. See United States v. Pagán-Ferrer, 736 F.3d 573, 593 (1st Cir.2013). However, in this case, the government has not asked us to review Encarna-ción’s argument for plain error and, instead, agrees to de novo review. When the government fails to request plain error review, we, and many of our sister circuits, review the claim under the standard of review that is applied when the issue is properly preserved below. See United States v. Tapia-Escalera, 356 F.3d 181, 183 (1st Cir.2004) (declining to apply plain error review to unpreserved claim when not requested by government); see also United States v. Williams, 641 F.3d 758, 763-64 (6th Cir.2011) (applying de novo review to unpreserved legal claim because government did not request plain error standard); United States v. Salem, 597 F.3d 877, 884 (7th Cir.2010) (stating that government “waived its right to rely on plain error review” when it failed to request that standard of review); United States v. Kortgaard, 425 F.3d 602, 610 (9th Cir.2005) (refüsing to apply plain error *587 standard because “[e]ven if Kortgaard failed to preserve the error below, the government nonetheless elected to address the merits of Kortgaard’s challenge ... without raising the issue of waiver”); United States v. Cyr, 29 Fed.Appx. 1, 4 n. 3 (D.C.Cir.2001) (choosing not to apply plain error review because government did not argue for it); but see United States v. Bain, 586 F.3d 634, 639 n. 4 (8th Cir.2009) (stating that “a party’s concession on the standard of review does not bind the court”). Therefore, even if Encarnación did not sufficiently raise his appellate argument in the district court, we will review de novo the question of law posed by this case. See United States v. Carter, 752 F.3d 8, 13 (1st Cir.2014); see also United States v. Duquette, 778 F.3d 314, 317 (1st Cir.2015) (applying de novo review where “the government appears to have conceded that de novo reviews applies”).
B. The Supreme Court’s Rosemond Decision
Rosemond involved a “drug deal gone bad,” after either the defendant (Rose-mond) or his confederate (it was unclear who) fired a gun at the buyers, who had taken the drugs and run away without paying. 134 S.Ct. at 1243. Rosemond was charged with violating 18 U.S.C. § 924(c) by using a firearm in connection with a drug trafficking offense, or, in the alternative, aiding and abetting that crime under 18 U.S.C. § 2. Id.
At trial, Rosemond contended that he “took no action with respect to any firearm.” Id. at 1246. More specifically, he did not buy, borrow, carry, or use a gun in connection with the alleged drug transaction. Id. Building on this factual premise, he argued that he could be found guilty of aiding or abetting a § 924(c) violation only if he “intentionally took some action to facilitate or encourage the use of the firearm, as opposed to the predicate drug offense.” Id. at 1244 (internal quotation marks omitted). Disagreeing, the district court instructed the jury that Rosemond was guilty of aiding and abetting if “(1) [he] knew his cohort used a firearm in the drug trafficking crime, and (2)[he] knowingly and actively participated in the drug trafficking crime.” Id. (internal quotation marks omitted). Rosemond was convicted by the jury, and the Tenth Circuit affirmed.[5] Id. at 1244.
The Supreme Court vacated Rosemond’s § 924(c) conviction. Id. at 1252. The Court first restated longstanding aiding and abetting law: “[A] person is liable under § 2 for aiding and abetting a crime if (and only if) he (1) takes an affirmative act in furtherance of that offense, (2) with the intent of facilitating the offense’s commission.” Id. at 1245. Regarding the affirmative act requirement, the Supreme Court concluded that the district court correctly instructed the jury that Rosemond could be convicted of aiding and abetting a § 924(c) offense even if he facilitated only the drug trafficking element, and not the use of the gun. Id. at 1247; see also id. at 1246 (“[A] defendant can be convicted as an aider and abettor without proof that he participated in each and every element of *588 the offense.” (internal quotation marks omitted)).
Regarding the intent requirement, the Court stated that a person must intend to facilitate “the specific and entire crime charged.” Id. at 1248; see also id. (“[A]n aiding and abetting conviction requires ... a state of mind extending to the entire crime.” (emphasis added)). Therefore, with a § 924(c) offense, the aider and abettor must have knowledge of the full scope of the crime, that is, “that the plan calls not just for a drug sale, but for an armed one.” Id. at 1249; see also id. (stating that a defendant must intend to commit “the illegal scheme in its entirety — including its use of a firearm”).
The Court farther held that this knowledge has to be “advance knowledge,” meaning “knowledge at a time the accomplice can do something with it — most notably, opt to walk away.” Id. at 1249-50. The jury instructions at Rosemond’s trial were in error because they did not require that Rosemond knew in advance that one of his cohorts would be armed. See id. at 1251. By instructing the jurors to consider merely whether Rosemond “knew his cohort used a firearm,” the district court failed to direct them to determine when Rosemond obtained the requisite knowledge — i.e., to decide whether Rosemond knew about the gun in sufficient time to withdraw from the crime. Id. at 1251-52.
C. Application of Rosemond to Encar-nación
The application of Rosemond to the charge in this case is relatively straightforward. The prosecution charged Encarna-ción with aiding and abetting Vilanova in the production of child pornography in violation of 18 U.S.C. § 2251(a) and 18 U.S.C. § 2. An individual violates § 2251(a) if he “employs, uses, persuades, induces, entices, or coerces any minor to engage in ... any sexually explicit conduct for the purpose of producing any 'Visual depiction of such conduct ... using materials that have been mailed, shipped, and transported in or affecting interstate or foreign commerce.” (emphasis added). Under Rosemond, to establish the mens rea required to aid and abet a crime, the government must prove that the defendant participated with advance knowledge of the elements that constitute the charged offense. See 134 S.Ct. at 1248-49; see also id. (stating that an aider and abettor must have “full awareness of [the crime’s] scope,” “full knowledge of the circumstances constituting the charged offense,” and “participate[ ] in a criminal scheme knowing its extent and character”); United States v. Diaz-Castro, 752 F.3d 101, 107 n. 4 (1st Cir.2014) (stating that Rosemond clarified that a defendant needs “advance knowledge” of the elements of an offense to be convicted as an aider and abettor).
Producing child pornography is illegal precisely because the person in the visual depiction was a minor. If an individual charged as an aider and abettor is unaware that the victim was underage, he cannot “wish[ ] to bring about” such criminal conduct and “seek ... to make it succeed.” Rosemond, 134 S.Ct. at 1248 (quoting Nye & Nissen v. United States, 336 U.S. 613, 619, 69 S.Ct. 766, 93 L.Ed. 919 (1949)). Therefore, under Rosemond, an aider and abettor of such an offense must have known the victim was a minor when it was still possible to decline to participate in the conduct.
D. Arguments Against the Applicability of Rosemond
While accepting, as it must, the principles of aider and abettor liability set forth in Rosemond, the government argues that Rosemond is not applicable to a charge of aiding and abetting the production of child *589 pornography for two reasons: (1) 18 U.S.C. § 2251(a) does not contain a knowledge requirement for principals or aiders and abettors, and (2) Rosemond’s analysis applies only to offenses with two distinct actions. The dissent adds that we can avoid the Rosemond issue because, in its view, Encarnación pleaded guilty as both a principal and an aider and abettor, and, hence, we can affirm his conviction as a principal. In the alternative, the dissent argues that, on the facts of this case, Rosemond does not require Encarnación to have advance knowledge that the victim was a minor to be convicted. We address each argument in turn.
1. Principal v. Aider And Abettor
The government is correct that § 2251(a) itself contains no mens rea requirement as to the victim’s age, and the majority of courts that have addressed the issue have held that knowledge of the age of the victim is not required to convict a principal under the statute. See, e.g., United States v. Fletcher, 634 F.3d 395, 400 (7th Cir.2011); United States v. Pliego, 578 F.3d 938, 943-44 (8th Cir.2009); United States v. Malloy, 568 F.3d 166, 172-73 (4th Cir.2009); United States v. Deverso, 518 F.3d 1250, 1257 (11th Cir.2008); United States v. Griffith, 284 F.3d 338, 349 (2d Cir.2002); see also United States v. X-Citement Video, Inc., 513 U.S. 64, 77, 115 S.Ct. 464, 130 L.Ed.2d 372 (1994) (stating that Congress intended to exclude a scienter requirement from § 2251(a)); but see United States v. U.S. Dist. Court, 858 F.2d 534, 538-43 (9th Cir.1988) (holding that while “[t]he defendant’s awareness of the subject’s minority is not an element of [a § 2251(a) ] offense,” the First Amendment requires reading a reasonable mistake of age affirmative defense into the statute).
However, even assuming that a principal of a § 2251(a) offense can be held strictly liable (that is, convicted without knowing that the victim was a minor),[6] the government’s argument that an aider and abettor must also be held liable without fault has been rejected by longstanding law.[7] See 2 LaFave § 13.2(f) (“Under the general principles applicable to accomplice liability, there is no such thing as liability without fault.”).
In other contexts, courts have consistently found a mens rea requirement for *590 aiders and abettors of strict liability crimes. See, e.g., United States v. Lawson, 872 F.2d 179, 181 (6th Cir.1989) (upholding conviction after finding that aider and abettor “knew that [principal’s] possession of the unregistered guns would be illegal” under 26 U.S.C. § 5861(c)); United States v. Baumgarten, 517 F.2d 1020, 1027 (8th Cir.1975) (stating that aider and abettor of 26 U.S.C. § 5861 offenses must have a “purposeful attitude” to be found guilty (internal quotation marks omitted)); State v. Bowman, 188 N.C.App. 635, 656 S.E.2d 638, 651 (2008) (holding that government must prove that aider and abettor of statutory rape “acted with knowledge that the [victims] were under the age of sixteen”); id. at 650 (“Although statutory rape is a' strict liability crime, aiding and abetting statutory rape is not.”) (citing People v. Wood, 56 Cal.App. 431, 205 P. 698 (1922)).
Professor LaFave explains that in the situation where an “alleged accomplice is aiding another with intent to do so, but the aid is given without knowledge of the facts which make the principal’s conduct a crime,” the argument that the “accomplice may be held on a liability-without-fault basis if the crime committed by the principal is of the strict liability variety ... has been rejected [and] is not sound.” 2 LaFave § 13.2(f). LaFave adds,“the special circumstances which justify the imposition of liability without fault on certain persons who themselves engage in the proscribed conduct are not likely to exist as to those rendering aid.” Id.
LaFave’s analysis is directly applicable to the § 2251(a) charge in this case. Encarnación admits that he aided Vilanova in producing pornography, but his aid was given without knowledge of the only fact which makes Vilanova’s conduct a crime, namely that one of the participants was a minor.[8] Criminalizing non-obscene adult pornography would violate the Constitution’s right to free speech. See Ashcroft v. Free Speech Coal., 535 U.S. 234, 240, 122 S.Ct. 1389, 152 L.Ed.2d 403 (2002); United States v. Hilton, 386 F.3d 13, 14 (1st Cir.2004).
If the government’s argument were correct, individuals could be convicted of aiding and abetting the production of child pornography even when they had only a fleeting connection to the crime. For example, a set decorator who believes he is working on the production of a legal adult pornographic film could be held liable as an aider and abettor even if he had no knowledge that one of the participants in the film was underage. This outcome would be possible, because, as Rosemond explains, a “defendant can be convicted as an aider and abettor without proof that he participated in each and every element of the offense ... even if that aid relates to only one (or some) of a crime’s phases or elements.” 134 S.Ct. at 1246. Therefore, as long as the set charge. It is the reason why producing child pornography is illegal, decorator participated in any aspect of producing the child pornography, he would meet aiding and abetting’s affirmative act requirement.
*591 Principals, the argument goes, “may be convicted under § 2251(a) without proof they had knowledge of [the victim’s] age” because they “confront[ ] the underage victim personally and may reasonably be required to ascertain that victim’s age.” X-Citement Video, Inc., 513 U.S. at 76 n. 5, 72 n. 2, 115 S.Ct. 464. The same justification would not apply to a set decorator or other similarly situated aider and abettor, who may never even see the victim, much less interact with him or her.
To be sure, in this case, the government alleges that Encarnación had a previous relationship with KMV, including repeated sexual activity, and, as a main actor in the film, saw her face-to-face. At this juncture, however, these alleged facts are irrelevant. The government decided to proceed against Encarnación as an aider and abettor, even though it arguably would have been justified charging him as a principal. As we just discussed, this decision meant the government had to prove En-carnación knew the victim’s age in advance. That the evidence strongly points to such knowledge means nothing until the government convinces a jury — not us — of this fact.
2. Double-barreled Crime
The government also contends that Rosemond is distinguishable, and thus inapplicable here, because “it dealt with a statute which requires two distinct actions.” The statute at issue in Rosemond, 18 U.S.C. § 924(c), is a “double-barreled crime,” requiring (1) using or carrying a gun while (2) engaging in a violent or drug trafficking offense. See 134 S.Ct. at 1245.
However, nothing about the Supreme Court’s mens rea analysis limits its applicability to statutes requiring two distinct actions. When discussing the mens rea requirement for aiding and abetting liability, the Court states generally that the requirement is satisfied “when a person actively participates in a criminal venture with full knowledge of the circumstances constituting the charged offense.” Id. at 1248-49. The Court then explains that it has previously employed this knowledge requirement in a variety of contexts, including aider and abettor liability for mail fraud and the evasion of liquor taxes. Id. at 1249. Two distinct actions are not required to convict a defendant under either the mail fraud or the evasion of liquor taxes statutes. See 18 U.S.C. § 1341 (proscribing, inter alia, the mailing of a letter for the purpose of executing a scheme to defraud); 26 U.S.C. § 5602 (proscribing the operation of a distilling business to defraud the government of liquor taxes). Finally, the Court applies this “same principle” — that an aider and abettor must “participate[ ] in a criminal scheme knowing its extent and character” — to a § 924(c) offense. Id. That general principle is not limited to double-barreled crimes. See also United States v. Goldtooth, 754 F.3d 763, 768 (9th Cir.2014) (applying Rosemond’s mens rea analysis to the charge of aiding and abetting robbery on an Indian reservation).
3. The Dissent’s Arguments
a. Pleading Guilty as a Principal and an Aider and Abettor
The dissent contends that Rose-mond is not applicable to this case because Encarnación pleaded guilty as both a principal and as an aider and abettor, and, thus, we can affirm his conviction as a principal without addressing whether the government must prove that an aider and abettor of a § 2251(a) offense knew that the victim was a minor. According to the dissent, because the indictment charged Encarnación and Vilanova with “aiding and abetting each other,” and Encarnación never indicated at his change of plea hear *592 ing that he was pleading guilty as an aider and abettor only, he must have pleaded guilty as both a principal and as an aider and abettor.[9]
The dissent is incorrect for a number of reasons. First, the dissent argues that when an indictment charges two defendants with “aiding and abetting each other,” the government always charges them both as aiders and abettors and as principals. We, however, have not definitively determined that issue. In some instances, we have treated this language as the dissent proposes to do in this case. See, e.g., United States v. Hilario-Hilario, 529 F.3d 65, 69 (1st Cir.2008); United States v. Matos-Quinones, 456 F.3d 14, 20 (1st Cir.2006); Ramirez-Burgos v. United States, 313 F.3d 23, 31 (1st Cir.2002). In other instances, where the nature of the charges was unquestioned by the parties, we have treated this language as indicting the defendant only as an aider and abettor. See, e.g., United States v. Downs-Moses, 329 F.3d 253, 259, 261 (1st Cir.2003); United States v. Ramirez, 884 F.2d 1524, 1525, 1532 (1st Cir.1989); United States v. Bonfant, 851 F.2d 12, 13, 15 (1st Cir.1988). Importantly, in this case, neither party questions that ' Encarnación was only charged as an aider and abettor. Therefore, we do not need to reach the question of whether the “aiding and abetting each other” language always charges a defendant as both an aider and abettor and as a principal.[10]
Second, even assuming that the indictment charged Encarnación as both an aider and abettor and as a principal, neither the record nor our case law supports the dissent’s conclusion that Encarnación pleaded guilty both as a principal and as an aider and abettor. As the dissent acknowledges, in his written plea agreement, Encarnación only admitted to appearing in ,a video showing him “aiding and abetting another co-defendant ... engaging in sexually explicit conduct with the minor ‘KMV.’ ” Plea Agreement at 13 (emphasis added); see also id. (stating that Encarnación, “while aiding and abetting others charged in the Superseding Indictment, did ... coerce a female minor ... to engage in sexually explicit conduct”) (emphasis added). Nothing in the plea agreement *593 indicates that Encarnación. also admitted guilt as a principal.[11]
Furthermore, nothing in the change of plea hearing demonstrates that Encarna-ción pleaded guilty as a principal. The dissent assumes that because Encarnación acknowledged at the change of plea hearing that he was “charged with production of child pornography” and “participated in acts of a sexual nature” with a minor without referring to his role as an aider and abettor, he admitted guilt as a principal. The dissent’s assumption is incorrect. An aider and abettor to the production of child pornography is also “charged with production of child pornography” (as an aider and abettor) and could also “participate[ ] in acts of a sexual nature” with a minor. Encarnación did not plead guilty as a principal simply because he did not explicitly acknowledge his role only as an aider and abettor during the change of plea hearing.
Additionally, on appeal, both parties agree that Encarnación was only charged as an aider and abettor. In its briefing, the government repeatedly acknowledges this fact. See, e.g., Gov’t Br. at 15 (stating that “Encarnación-Ruiz was charged as an aider and abettor”); id. at 17 (stating, in title of Argument section, that “Defendant Encarnación-Ruiz ... Was Charged As An Aider And Abettor”); id. at 24 (referring to Encarnación “as an aider and abettor”); Gov’t Supp. Br. at 3 (noting that “defendant ha[s] been charged as aider and abettor”); id. at 5 (noting that Encar-nación “was charged under § 2251(a) only as an aider and abettor”).
Despite these clear statements, the dissent claims that the government also proceeded against Encarnación as a principal because its brief quotes 18 U.S.C. § 2 and argues that Encarnación “must be punished as a principal” since he “actively assisted and participated in the substantive offense.” We do not understand how quoting 18 U.S.C. § 2, universally known as “the federal aiding and abetting statute,” Rosemond, 134 S.Ct. at 1243 (emphasis added),'can be any indication that the government proceeded against Encar-nación as a principal. Moreover, the statement that Encarnación should be “punished as a principal” provides further support that the government proceeded against him as an aider and abettor. The entire purpose of 18 U.S.C. § 2 is to punish “as a principal” those who aid and abet a crime. 18 U.S.C. § 2(a); see Rosemond, 134 S.Ct. at 1245 (noting that “ § 2 reflects a centuries-old view of culpability: that a person may be responsible for a crime he has not personally carried out if he helps another to complete its commission”). If the government were indeed proceeding against Encarnación as a principal, it simply would have no reason to state that he “must be punished as a principal.” Finally, any argument by the government that it proceeded against Encar-nación as a principal would likely violate the written plea agreement because the agreed upon statement of facts incorporated into the agreement clearly states that Encarnación was “aiding and abetting another co-defendant.” Plea Agreement at 13.
*594 The dissent contends that our decision in United States v. Grant, 114 F.3d 323 (1st Cir.1997), stands for the proposition that “when a defendant charged with multiple counts enters an unqualified guilty plea, that defendant admits guilt as to all counts.” Because Encarnación was charged as both a principal and aider and abettor, and Encarnación entered an unqualified guilty plea, the dissent argues that he admitted guilt under both theories of liability.
In Grant, the defendant argued that “the imposition of consecutive sentences for four counts that amounted to the same offense” violated the Double Jeopardy Clause. Id. at 328. We rejected that argument because the defendant failed to meet his burden of showing that the indictment was facially multiplicitous. Id. at 329. In doing so, we noted that “[a]t the plea hearing, the district court repeatedly directed Grant’s attention to the fact that he had been charged with four different crimes,” and he subsequently “entered an unconditional plea on each count.” Id: Grant “conceded guilt to [four] separate offenses” because he admitted “to each of the distinct factual predicates underlying the separate counts.” Id.
Encarnación did not plead guilty to two separate crimes consisting of distinct factual predicates, and the government did not charge him under two separate counts. Instead, the government, at most, charged him under two alternative theories of the same crime — as an aider and abettor and as a principal — under a single count consisting of the same factual predicate, and chose to proceed against him only as an aider and abettor. See, e.g., United States v. Shea, 150 F.3d 44, 50 (1st Cir.1998) (noting that “direct principal liability” and “aider and abettor liability” are “alternative theories of liability on [the same] charge”), abrogated on other grounds by United States v. Mojica-Baez, 229 F.3d 292 (1st Cir.2000). Moreover, the district court never “repeatedly directed” Encarnación’s attention to the fact that he had been charged both as an aider and abettor and as a principal. In fact, neither the court nor the government ever informed Encarnación that he was pleading guilty under both theories of liability, which, as explained above, have distinct mens rea requirements.
The dissent has cited no case — and we are not aware of any — which holds that when a defendant pleads guilty to a charge containing the “aiding and abetting each other” language, and there is no indication from the government or the district court at the change of plea hearing under which theory the government intends to proceed, the defendant necessarily pleads as both an aider and abettor and a principal as a matter of law. Regardless, in this case, the government clearly stated in the plea agreement that Encarnación was only “aiding and abetting another co-defendant.”
The dissent’s proposed outcome would raise a significant due process concern regarding whether Enearnación’s plea was knowing and voluntary. A defendant “must be instructed in open court on ‘the nature of the charge to which the plea is offered.’” United States v. Broce, 488 U.S. 563, 570, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989) (quoting Fed.R.Crim.P. 11(c)(1)). A plea “cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts.” Id. (internal quotation marks omitted). Furthermore, “the fact of voluntariness cannot be inferred by a reviewing court from a silent or otherwise inadequate record. Instead, due process requires that there be an ‘affirmative showing’ in the record to support that determination.” United States v. Ward, 518 F.3d 75, 81 (1st *595 Cir.2008) (quoting Boykin v. Alabama, 395 U.S. 238, 242, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)) (emphasis in original).
As explained above, there is simply no affirmative showing in the record that En-carnación knew he was pleading guilty as both a principal and aider and abettor. Yet, the dissent claims that Encarnación necessarily pleaded guilty as both a principal and aider and abettor because “neither Encarnación nor the district judge indicated that he was pleading guilty as an aider and abettor only.” The dissent’s assertion would flip the due process inquiry on its head. Instead of requiring an affirmative showing, the dissent would infer from a silent record that Encarnación voluntarily pleaded guilty under both theories of liability.
The dissent claims that its proposed outcome would resolve this appeal “on the narrowest grounds possible” but never explains why its resolution is narrow at all. It is true that “we endeavor to avoid deciding constitutional issues and attempt to decide cases on the narrowest grounds possible.” Bellville v. Town of Northboro, 375 F.3d 25, 30 (1st Cir.2004). However, instead of resolving the case on narrow grounds, the dissent would prefer to establish an unprecedented ruling that a defendant knowingly and voluntarily pleads guilty as both an aider and abettor and a principal whenever the indictment contains the “aiding and abetting each other” language and the change of plea hearing record is silent as to which theory the government intended to pursue. This ruling, without any briefing from the-parties, would in fact create constitutional due process concerns. We believe the better— and narrower—way of deciding this case is to answer the questions presented on appeal and addressed in the supplemental briefing that we requested.
b. The Applicability of Rosemond .
If the dissent were to reach the Rosemond issue, it would still affirm Encarnación’s conviction. The dissent contends that, because Encarnación admitted to engaging in sexual acts with KMV, Rosemond does not require that the government prove that he had advance knowledge that KMV was a minor to be convicted of aiding and abetting the production of child pornography. The dissent argues that “under Rose-mond’s principles ... the aider and abettor only needs to know that he is assisting or facilitating the filming of sexually explicit activity,” not that one of the participants was a minor, and, in this case, Encarnación obviously knew he was facilitating the filming of sexually explicit activity by appearing on camera with KMV.
The dissent’s argument is unavailing. Pursuant to Rosemond, an aider and abettor must have “full awareness of [the] scope” of the crime of producing child pornography. 134 S.Ct. at 1249. If the dissent were correct, the aider and abettor would have knowledge of no crime at all, because, as mentioned above, producing non-obscene adult pornography is not a crime, and, under the First Amendment, could not be a crime. See Free Speech Coal., 535 U.S. at 234, 122 S.Ct. 1389; Hilton, 386 F.3d at 14.
The dissent also argues that Rosemond is inapposite because Encarnación had a “realistic opportunity to quit the crime” before he “engaged in sexually explicit conduct with [KMV] before a camera on more than one occasion.” Again, the dissent fails to recognize that engaging in sexually explicit conduct before a camera is not a crime. Encarnación argues that he believed he had sexual relations with an adult, and, therefore, had no “realistic opportunity to quit the crime” of producing *596 child pornography because he only became aware that KMV was a minor after appearing on camera with her.
Finally, the dissent contends that Encarnación is not entitled to a “mistake of age” defense because he was a “present, participating aider and abettor” and not a “non-present, non-participant” one. This argument is also unavailing. Federal aiding and abetting law makes no distinction between “present” and “non-present” aiders and abettors.[12] See 18 U.S.C. § 2; United States v. George, 761 F.3d 42, 52 (1st Cir.2014) (noting that a “culpable aider and abetter need not perform the .substantive offense, be present when it is performed, or be aware of the details of its execution” (internal quotation marks omitted)). Under Rosemond, the government has the burden to prove an aider and abettor to a § 2251(a) offense had advance knowledge that the victim was a minor regardless of whether that aider and abettor was a “participant” or “non-participant.” [13]
IV.
Encarnación’s guilty plea was conditioned on his request to argue at trial that he did not know that KMV was a minor, a request that the district court rejected. Adhering to Rosemond’s analysis of aiding and abetting mens rea, we now. hold that the government must prove beyond a reasonable doubt that Encarna-ción knew that the victim was a minor to support its charge that he participated in the production of child pornography. In so holding, we in no way condone the repugnant conduct that Encarnación is accused of committing and recognize that *597 “[e]hild pornography harms and debases the most defenseless of our citizens.” United States v. Williams, 553 U.S. 285, 307, 128 S.Ct. 1830, 170 L.Ed.2d 650 (2008). However, we are bound to follow the dictates of the Supreme Court and well-established principles of aiding and abetting liability. We vacate Encarna-ción’s conviction and remand for proceedings consistent with this decision.

So ordered.

. As we shall explain, this case does not require us to decide whether a principal can be found guilty of producing child pornography without knowing the victim was a minor, and we offer no view on that issue.

. We set forth further background facts in our opinion in United States v. Ramos, 763 F.3d 45, 49-50 (1st Cir.2014).

. Co-defendants Vilanova, Rodríguez-Acevedo, Zairo Ramos, and Félix Javier González-Morales were charged in other counts of the superseding indictment. Those charges included a video of another minor and another video of KMV recorded in May or June of 2010. Encarnación was not charged in connection with this later video. See Ramos, 763 F.3d at 50 & n. 4. Vilanova, Rodríguez-Aceve-do, and González-Morales pleaded guilty as part of plea agreements with the government. Id. at 50 n. 4. Ramos was found guilty at trial. Id. at 51.

. Encarnación was also charged and convicted of statutory rape of KMV in San Juan Superior Court under Article 142 of the Puer-to Rico Penal Code. The government could not have charged him under the federal statutory rape statute because his sexual activity with KMV did not occur on federal property. See 18 U.S.C. § 2243(a).

. The jury’s verdict form was general and "did not reveal whether the jury found that Rosemond himself had used the gun or instead had aided and abetted a confederate’s use during the marijuana deal.” Rosemond, 134 S.Ct. at 1244. Even if the jury could have found that Rosemond himself fired the gun, the Tenth Circuit and the Supreme Court had to address his aiding and abetting argument because "a conviction based on a general verdict is subject to challenge if the jury was instructed on alternative theories of guilt and may have relied on an invalid one.” Id. at 1244 n. 2 (internal quotation marks omitted).

. Again, we make no judgment here on that proposition. Because the dissent argues that Encarnación pleaded guilty as a principal, it chooses to address the question of whether a principal of a § 2251(a) offense can raise a mistake of age defense and concludes that a principal cannot raise such a defense. However, that issue is not even in dispute in this appeal. Encarnación concedes that a principal is not entitled to a mistake of age defense. See Appellant’s Supp. Br. at 3 n. 1 (stating that Encarnación "has always argued that Pie] was entitled to knowledge evidence as an aider and abettor while the principal was not”).

. The dissent similarly argues that because the offense in Rosemond was not a strict liability crime, it does not support our conclusion that an aider and abettor of the production of child pornography must have knowledge that the victim was a minor even if the principal does not require such knowledge. The dissent claims that "the takeaway from Rosemond is that an aider and abettor must have the same amount of knowledge as does the principal about the scope of 'the contemplated crime.” However, Rosemond never makes such a claim. Instead, the Supreme Court recognized that the mens rea requirement for aiders and abettors may be different from that of principals of the underlying offense. See 134 S.Ct. at 1251 n. 10 (noting that Rosemond’s holding "is grounded in the distinctive intent standard for aiding and abetting someone else’s act”). Therefore, even when there is no knowledge requirement for a principal, the government still must prove that an aider and abettor intended to facilitate "the specific and entire crime charged.” Id. at 1248.

. As the dissent points out, LaFave acknowledges that, in "the situation where the crime is not totally of a strict liability type, but no awareness is required as to some attendant circumstance to convict either the principal or the accomplice’’ then no mens rea may be required to convict both the principal and aider and abettor as to that “attendant circumstance.” 2 LaFave § 13.2(f). The "attendant circumstance” exception does not apply to this case. As stated above, the element that the victim was a minor is not simply an "attendant circumstance” of a § 2251(a) charge. It is the reason why producing child pornography is illegal.

. Neither party has raised the issues presented by the dissent, and we have received no briefing on them. Yet, the dissent “would leave for another day” the Rosamond issue, claiming that it was not "squarely raised and ... fully fleshed out in the parties’.briefs.” In fact, however, we explicitly requested, and received, supplemental briefing from the parties regarding how Rosamond affects this case.

. The dissent claims that Hilario "decided the very question before us” that the "aiding and abetting each other” language always indicts a defendant both ways. However, the defendants in Hilario were not even indicted under the general aiding and abetting statute, 18 U.S.C. § 2, utilized in this case. See 529 F.3d at 69, 75. Instead, they were charged "with both the central offense of smuggling an alien into the United States or attempting to do so, 8 U.S.C. § 1324(a)(1)(A)(i)(2000), and the separately enumerated offense of aiding and abetting such an offense, id. § 1324(a)(1)(A)(v)(II).” Id. at 69. The court recognized that the aiding and abetting the smuggling of an alien statute was “unusual” because, unlike 18 U.S.C. § 2, it called for a lower statutory maximum sentence for an aider and abettor than for a principal. Id. at 75 & n. 2. Thus, the court never addressed the question of whether defendants charged with "aiding and abetting each other” under 18 U.S.C. § 2 — like Encamación — are always indicted as both principals and aiders and abettors. Moreover, the parties in Hilario did not question the court’s interpretation that the indictment charged the defendants as both principals and aiders and abettors. See id. at 69, 75. That situation is the opposite of this case, where the parties agree that Encarnación was only charged as an aider and abettor.

. The dissent argues that because the plea agreement made an "explicit reference to both the production of child pornography statute and the aiding and abetting statute,” it "demonstrates that Encarnación admitted he acted as both a principal and an aider and abettor when he pleaded guilty.” The dissent’s contention has no merit. Even when a defendant pleads guilty only as an aider and abettor,' his plea agreement necessarily must reference both the substantive offense statute and the aiding and abetting statute. Otherwise, the plea agreement would contain no indication of what substantive offense the aider and abettor was charged with supporting.

. The dissent's argument echoes the Massachusetts Appeals Court's decision in Commonwealth v. Harris, 74 Mass.App.Ct. 105, 904 N.E.2d 478 (2009). Harris concluded that knowledge of the victim's age is not necessary to convict a "present” joint venturer — Massachusetts’ term for an accomplice — of statutory rape. Harris' is inapposite here because its holding is based on the unique nature of joint venture liability under Massachusetts law. In Massachusetts, the government can proceed against a joint venturer under two distinct theories: a "presence” theory and a "non-presence” theory. Id. at 484-85. The court held that only under a "presence” theory is knowledge of the victim’s age not required because a "present” joint venturer "has the same opportunity as the principal to make judgments about age from the child’s appearance and other circumstances attending the encounter between the child and the principal.” Id. at 485. In doing so, the court recognized that joint venturer liability is different from aiding and abetting liability found in the federal statute, 18 U.S.C. § 2, in part because it does not distinguish between "present” and "nonpresent” accomplices. See id. at 484-85 & n. 4.

. At times, Encarnación has mischaracter-ized his appeal as requesting a "mistake of age” affirmative defense, which Encamación would have the burden to prove. See Dixon, 548 U.S. at 8, 126 S.Ct. 2437. Because proof of knowledge that the victim was a minor is, pursuant to Rosemond, necessary to satisfy the mens rea element for aiding and abetting the production of child pornography, it must be proven by the government beyond a reasonable doubt — as with all elements of a crime. See In re Winship, 397 U.S. 358, 364, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970); cf. Rosemond, 134 S.Ct. at 1254 (Alito, J., concurring in part and dissenting in part)(asserting that the majority has "converged] what has up to now been an affirmative defense into a part of the required mens rea,” “plac[ing] a strange and difficult burden on the prosecution”).
For this reason, the dissent is mistaken to rely on cases recognizing that a defendant is entitled to a jury instruction on an affirmative defense only when the evidence supports that defense. See, e.g., Mathews v. United States, 485 U.S. 58, 63, 108 S.Ct. 883, 99 L.Ed.2d 54 (1988); United States v. Lopez-Lopez, 282 F.3d 1, 18 (1st Cir.2002). Because the burden of proof is on the government to establish that an aider and abettor knew the victim was a minor, Encarnación has no need to raise an affirmative defense on this issue.