FILED

NOT FOR PUBLICATION

JAN 11 2017

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| **UNITED STATES OF AMERICA,** | No.   13-50462 |
| Plaintiff-Appellee, | D.C. No. 2:12-cr-00159-MMM-5 |
| v. | |
| **DUANE LEWIS ELEBY,** | **MEMORANDUM**[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Margaret M. Morrow, District Judge, Presiding

Submitted January 9, 2017[**]
Pasadena, California

Before:   **KOZINSKI** and **WATFORD**, Circuit Judges, and **BENNETT**,[***]
District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[***]     The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa, sitting by designation.

**1.** To apply the penalties under 21 U.S.C. § 841(b), the government need not "prove that the defendant knew the type or quantity of the controlled substance." See United States v. Jefferson, 791 F.3d 1013, 1015 (9th Cir. 2015); United States v. Carranza, 289 F.3d 634, 644 (9th Cir. 2002). It is sufficient that Eleby admitted that the controlled substance he was carrying was, in fact, approximately 4,922 grams of powder cocaine. Because his sentence of 90 months falls within the statutory range under section 841(b)(1)(B)(ii), it doesn't violate either Apprendi v. New Jersey, 530 U.S. 466 (2000), or Alleyne v. United States, 133 S. Ct. 2151 (2013).

**2.** Relying on United States v. Encarnación-Ruiz, 787 F.3d 581 (1st Cir. 2015), Eleby argues that he pled guilty only to aiding and abetting. Although the indictment in Encarnación-Ruiz, like the indictment in this case, charged the defendants with "aiding and abetting each other," neither party in that case questioned that the defendant was liable only as an aider and abettor. Id. at 591–92. Moreover, the plea agreement in Encarnación-Ruiz showed that the defendant only admitted to "aiding and abetting another co-defendant." Id. at 592 (citing the plea agreement). By contrast, Eleby's indictment and plea agreement affirmatively

show that he was charged with and pled guilty to possession with intent to distribute a controlled substance as both a principal and an aider and abettor.

**3.** Because we don't examine Eleby's sentence under the aiding and abetting theory of liability, we don't address whether Rosemond v. United States, 134 S. Ct. 1240 (2014) changed the mens rea requirement for aiding and abetting a § 841(a)(1) offense. See Jefferson, 791 F.3d at 1017.

**AFFIRMED.**